UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| SHAWN MONAGHAN, ET AL. | CIVIL ACTION NO. 09-627 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| UNITED RENTALS, INC., ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by third-party defendant Employers Mutual Insurance Company ("EMC") seeking dismissal of all claims against it by defendant/third-party plaintiff United Rental, Inc. ("United") or, in the alternative, a judgment from this court declaring that United must accept the offer of defense extended by EMC in this matter.[1] Also before the court is a motion for partial summary judgment by United seeking a judgment declaring that third-party defendant Mechanical Insulations, Inc. ("Mechanical") owes defense and indemnity to United by operation of the written contract among United and Mechanical.[2] For the reasons expressed herein below, this court finds that EMC's motion should be DENIED insofar as it seeks dismissal of all claims against it by United, but GRANTED insofar as it seeks judgment compelling United to accept the offer of defense at issue. The court also finds that United's motion for partial summary judgment should be GRANTED and judgment should issue declaring that Mechanical owes both defense and indemnity to United pursuant to the terms and conditions of the written contract among them.

---

[1] R. 64.
[2] R. 56.

1

I.  BACKGROUND

On or about April 6, 2009, plaintiff Shawn Monaghan ("Plaintiff" or "Monaghan") fell from a scissor-lift while working at a job site at the National D-Day Museum in New Orleans, Louisiana as an employee of Mechanical.[3] Plaintiff asserts that he fell approximately twenty-five (25) feet when the handrail of the scissor lift gave way and that the resulting fall caused him serious injury, including injury to his back, neck, ribs, left arm, elbow, spleen and liver.[4] Plaintiff further asserts that, at all times relevant to the accident forming the basis of this suit, the scissor lift in question belonged to defendant United and was rented by Mechanical from United.[5]

Plaintiffs, consisting of Monaghan and his spouse, Melissa Monaghan, individually and on behalf of their three minor children, filed suit against United on or about July 13, 2009, alleging liability by United for various acts and/or omissions constituting negligence and fault, including failure to maintain and inspect its rental equipment.[6] Plaintiffs also named "ABC Insurance Company, an unknown insurer" of United.[7]

United answered the suit and thereafter filed a third-party complaint against both Mechanical and its insurer, EMC.[8] United's complaint alleges that the scissor lift in question was rented to Mechanical pursuant to a Rental Agreement ("Agreement") dated March 11, 2009 and that the Agreement obligates Mechanical to "indemnify, defend, and hold [United] harmless from and against all liability, claim, loss, damage or costs including attorneys' fees and all other damages, caused by or in any way arising out of the ownership or rental of the scissors /sic/ lift

---

[3] R. 1-2 at ¶ 3.
[4] Id.
[5] Id. at ¶ 4.
[6] Id. at ¶ 6.
[7] Id. at ¶ 7.
[8] Based upon its provision of workers' compensation benefits to Monaghan for injuries arising out of the on-the-job accident forming the basis of this suit, workers' compensation insurer Bridgefield Casualty Insurance Company intervened in this suit by complaint dated August 28, 2009. See R. 4.

2

irrespective of whether such liability, claim loss, damage or costs is founded, in whole or in part, upon any negligent or grossly negligent act or omission of United Rentals or the provision of an allegedly defective product by United Rentals."[9] United also alleges that, as of the date of that complaint, "neither Mechanical [,] nor EMC has acknowledged its obligation to unconditionally defend and indemnify United Rentals from and against the claims made against United Rentals by Plaintiffs."[10]

United filed its motion for partial summary judgment seeking pronouncement from this court that Mechanical and/or its insurer, EMC, are obligated to provide absolute defense and indemnity to United in this matter by operation of the Agreement between United and Mechanical at the time of Monaghan's injury.[11] Thereafter, EMC filed a motion for summary judgment seeking dismissal of all third-party claims against it by United, asserting that the Agreement between United and Mechanical expired on April 2, 2009 and, for that reason no defense or indemnity is owed by Mechanical or its insurer. EMC argues, alternatively, that even if the court finds that the Agreement was extended by the parties, the indemnity provision relied upon by United is disfavored under Louisiana law and interpreted strictly against the indemnitee, such that any oral or other extension of the Agreement would not include that clause. Finally, and in the alternative, EMC argues that, should the court find that the indemnity clause at issue was operative as among United and Mechanical, EMC is entitled to offer defense and indemnification to United limited to the provisions of the contract of insurance between EMC and its insured, Mechanical, and that United must accept this offer of defense from EMC.

The parties have fully briefed these motions and the law and argument advanced by the parties is considered below.

---

[9] R. 15 at ¶ 5.
[10] Id. at ¶ 8.
[11] R. 56.

II.  **APPLICABLE STANDARD**

As amended, Fed. R. Civ. P. 56(a) provides, in part, that

> [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[12]

Once the movant makes such a showing, the burden shifts to the nonmoving party to show that summary judgment is not appropriate by pointing to specific factual allegations which, when taken as true by the court for purposes of the motion, demonstrate that a genuine issue remains for trial.[13] An issue is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[14]

All evidence produced in support of or in opposition to the motion must be of the sort which would be admissible at the trial of the merits.[15] The court will construe the evidence in the light most favorable to the nonmoving party in that, when faced with specific factual averments by the nonmoving party that contradict specific factual averments by the movant, the court will deny summary judgment.

When confronted with a motion for summary judgment, the nonmoving party may not successfully preserve its claim by resting on the pleadings, but instead, must offer evidence in the form of affidavits, deposition testimony, answers to interrogatories and documents supporting such specific factual allegations.[16] Conclusory allegations unsupported by evidence will not suffice. The nonmoving party must demonstrate more than some "metaphysical doubt"

---

[12] Fed. R. Civ. P. 56 was amended, effective December 1, 2010, but such amendment did not make substantive changes to the summary judgment standard. See advisory committee comments to Rule 56 (2010 amendments).
[13] Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986);
[14] Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) citing Anderson, 477 U.S. at 248.
[15] Fed. R. Civ. P. 56(c)(2).
[16] Fed. R. Civ. P. 56(c)(1).

as to the material facts.[17] Where the record, taken as a whole could not support a rational trier of fact's finding for the nonmoving party, there is no genuine issue for trial.[18]

### III. ANALYSIS

The Agreement at issue was executed on March 11, 2009 between representatives from Mechanical and United.[19] The Agreement contains the following indemnity provision, central to the motions now before the court:

> TO THE FULLEST EXTENT PERMITTED BY LAW, CUSTOMER AGREES TO INDEMNIFY, DEFEND AND HOLD UNITED HARMLESS FROM AND AGAINST ANY AND ALL LIABILITY, CLAIM, LOSS, DAMAGE OR COSTS (INCLUDING, BUT NOT LIMITED TO, ATTORNEYS' FEES, LOSS OF PROFIT, BUSINESS INTERRUPTION OR OTHER SPECIAL OR CONSEQUENTIAL DAMAGES, DAMAGES RELATING TO BODILY INJURY, DAMAGES RELATING TO WRONGFUL DEATH) CAUSED BY OR IN ANY WAY ARISING OUT OF OR RELATED TO THE OPERATION, USE, MAINTENANCE, INSTRUCTION, POSSESSION, TRANSPORTATION, OWNERSHIP OR RENTAL OF THE EQUIPMENT, INCLUDING, BUT NOT LIMITED TO, WHENEVER SUCH LIABILITY, CLAIM, LOSS, DAMAGE OR COST IS FOUNDED, IN WHOLE OR IN PART, UPON ANY NEGLIGENT OR GROSSLY NEGLIGENT ACT OR OMISSION OF UNITED OR THE PROVISION OF ANY ALLEGEDLY DEFECTIVE PRODUCT BY UNITED. THIS INDEMNITY PROVISION APPLIES TO ANY CLAIMS ASSERTED AGAINST UNITED BASED UPON STRICT OR PRODUCT LIABILTY CAUSES OF ACTION, BREACH OF WARRANTY OR UNDER ANY OTHER THEORY OF LAW.[20]

The Agreement also displays the following information on "Page 1":

Rental Out    :    3/05/09    10:00 AM[21]
Scheduled In  :    4/02/09    10:00 AM[.][22]

---

[17] Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 477 U.S. 242 (1986).
[18] Id.
[19] R. 73-2 at pp. 11-12.
[20] Id. at p. 12, ¶ 3.
[21] The court notes that it appears that Mechanical took possession of the equipment prior to executing the written Rental Agreement. We do not find the discrepancy material to the issues now before us.
[22] Id. at p. 11.

The Agreement defines the "Rental Period" as "the period of time between the 'Date Out' and 'Date Due In,' set forth on the first page of this Rental Agreement, except that the Rental Period may terminate earlier as provided in paragraphs 17 and 23 hereof."[23]

As explained above, United seeks a judgment from this court declaring that, by virtue of the indemnity provision cited above, Mechanical and/or it insurer, EMC, owe absolute and unlimited defense and indemnity for all claims against it by plaintiff in this suit. EMC denies this contention, arguing that the Agreement among United and Mechanical ceased to be in effect when the Rental Period expired on April 2, 2009. EMC points out that the Agreement provides that

> [n]one of United's rights or Customer's rights may be changed and no extension of this Rental Agreement may be made except in writing, signed by both United and Customer.[24]

EMC argues that, since no party asserts that the Agreement was extended in writing as required, the Agreement, including the indemnity provision, expired on April 2, 2009, four days before the accident forming the basis of this suit.

United contends that the Agreement remained in effect between it and Mechanical on April 6, 2009 under the theory that the "Date Due In" is simply an estimate of the intended date or return for United's inventory purposes. United further contends that it was clearly anticipated that Mechanical might retain the scissor lift past the "Date Due In," as evidenced by Paragraph 11, entitled "LATE RETURN," which provides that

> [c]ustomer agrees that if the Equipment is not returned by the end of the Rental Period, United, in its sole discretion, may require Customer to do any of the following: (a) continue to pay the rental rate(s) applicable to the Equipment as specified on the front page

---
[23] Id. at p. 12, ¶ 1.
[24] Id. at p. 12, ¶ 21.

of this Rental Agreement, (b) for periods less than 24 hours, pay the full daily rental rate applicable to the Equipment, or (c) pay any increased rental rate(s) in effect at the time of, or after, the expiration of the Rental Period.

United argues, alternatively, that if the Agreement expired, it was reconducted pursuant to La. Civ. C. Art. 2721.[25] United adds that, by operation of reconduction, the rights of the parties remained the same under the reconducted Agreement and, therefore, no writing was required.

Mechanical has also responded to EMC's motion and opposes the view that there was no written contract in effect at the time of the accident in question.[26]

Under Louisiana law,[27] a contract is "an agreement by two or more parties whereby obligations are created, modified, or extinguished."[28] A contract has the effect of law among the parties.[29] A court interpreting a contract must seek to ascertain the common intent of the parties.[30] When the words of a contract are clear and lead to no absurd result, no further interpretation is permitted and the court must apply the contract as written.[31] The words of contract must be attributed their common and accepted meaning and words susceptible of different meanings must be given that meaning which conforms with the object of the contract.[32] When any provision of a contract may be interpreted in different ways, the court must interpret such provision in the manner which renders it effective, rather than in the manner which renders

---

[25] La. Civ. C. Art. 2721 states that "a lease with a fixed term is reconducted if, after the expiration of the term, and without notice to vacate or terminate or other opposition by the lessor or lessee, the lessee remains in possession: (1) for thirty days in the case of an agricultural lease; (2) for one week in the case of other leases with a fixed term that is longer than a week; (3) for one day in the case of a lease with a fixed term that is equal to or shorter than a week."
[26] R. 61.
[27] Neither party disputes that the Agreement at issue in this matter is governed by and should be interpreted using Louisiana law relating to conventional obligations.
[28] La. Civ. C. Art. 1906.
[29] La. Civ. C. Art. 1983.
[30] La. Civ. C. Art. 2045.
[31] La. Civ. C. Art. 2046.
[32] La. Civ. C. Arts. 2047, 2048.

it ineffective.[33] Provisions must also be interpreted in light of one another so that each provision is interpreted uniformly within the contract as a whole.[34]

The court has carefully reviewed the entire Agreement and finds that its language is unambiguous and leads to no absurd result. While the Agreement defines "Rental Period," it clearly encompasses rights and liabilities extending beyond the Rental Period. The terms of the Agreement contemplate that a lessee might retain the equipment after the expiration of the Rental Period and allow United to determine what course of action it will take at that time. While the Agreement proclaims that the lessor has no right to continue possessing the equipment after the expiration of the Rental Period, the Agreement permits United to allow continued possession and use at its sole discretion. Thus, while it appears that the Rental Period for the scissor lift expired on April 2, 2009, such lapse does not result in a finding that no written agreement existed between United and Mechanical on April 6, 2009. Indeed, the court finds that the Agreement remained in effect between the parties at the time of Monaghan's accident.

Since the court finds no lapse in the Agreement itself, we need not reach the argument of reconduction, but note that the Agreement prohibits application of the reconduction principle by express provision: "no extension of this Rental Agreement may be made except in writing, signed by both United and Customer."[35] This language clearly indicates the intent of the parties that no reconduction of the lease would be permitted.

To the extent that EMC asserts that coverage is not triggered as to Mechanical because of the unwritten nature of the extended Agreement, that argument is rejected. The Agreement was executed on March 11, 2009 and was, again, in effect as among the parties on April 9, 2009. Thus, any argument by EMC that Mechanical's obligation to defend and indemnify was not the

---

[33] La. Civ. C. Art. 2049.
[34] La. Civ. C. Art. 2050.
[35] R. 73-2 at p. 12, ¶ 21.

result of a written contract executed prior to the "bodily injury" at issue in this case is without merit.

Finding as we have with respect to the Agreement's duration, we also find that the indemnity clause was in effect on April 6, 2009 and operates to require that Mechanical and/or its insurer EMC provide full defense to United in this matter, as it arises out of Mechanical's rental, possession and use of the scissor lift and involves claims of negligence against United. While the court agrees that indemnity provisions in which the indemnitor agrees to indemnify the indemnitee against its own acts or omissions are disfavored and interpreted strictly, such clauses are permitted under Louisiana law and were agreed to by both United and Mechanical in this case.[36] Louisiana law requires that the intent of the parties to be bound by such an indemnity provision be expressed in unequivocal terms.[37] The language of the Agreement as cited above clearly fulfills that requirement.

The remaining issue before the court concerns the adequacy of the offer of defense and indemnity extended by EMC to United in this matter. United's motion asserts that Mechanical has breached its contractual obligation to defend and indemnify and that this breach necessitated the filing of its third-party complaint against both Mechanical and its insurer EMC. Specifically, United avers that it tendered this matter to Mechanical on October 21, 2009 and such tender was wholly ignored by Mechanical. United also avers that Mechanical's insurer, EMC, "attempted to improperly limit Mechanical's defense obligations" by agreeing to accept defense and indemnity

---

[36] Amoco Production Co. v. Forest Oil Corp., 844 F.2d 251 (5th Cir. 1988); Stephens v. Chevron Oil Co., 517 F.2d 1123 (5th Cir. 1975); Perkins v. Rubicon, Inc., 563 So.2d 258 (La. 1990); Arnold v. Stupp Corp., 205 So.2d 797 (La. App. 1 Cir. 1967).
[37] Id.

as to Monaghan's claims pursuant to the "terms and conditions of the policy" issued by EMC in favor of Mechanical.[38]

Based on our reasoning above, we reiterate our finding that Mechanical is obligated to provide defense and indemnity in this matter. The court is unable and does not attempt to anticipate what defenses EMC may assert to coverage against its insured. To the extent that EMC is successful in those defenses, Mechanical will be required to assume defense and indemnity pursuant to the Agreement. Thus, while we find that EMC owes defense and indemnity as Mechanical's insurer, we do not find that EMC is required to disavow any potential policy defenses as to its own insured. Accordingly, we find that United must accept the defense offer extended by EMC, but should take comfort in the knowledge that, should it be cast in judgment, Mechanical will be solidarily liable with its insurer for indemnity.[39]

United's motion for partial summary judgment also seeks a declaration from the court that Mechanical must reimburse it for all costs associated with the defense of this case from its inception until now and, additionally, all costs associated with the enforcement of the indemnity provision of the Agreement. As argued by United, we find that the Agreement obligates Mechanical to assume these costs and, since it did not do so at the start of the litigation, it must reimburse United for these costs already incurred.[40]

## IV. CONCLUSION

For the reasons expressed above, it is the finding of this court that the Agreement of March 11, 2009 is clearly worded, unambiguous and was in effect among United and Mechanical

---

[38] R. 56-1 at p. 9.
[39] Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083, n. 1 (La. 1983).
[40] R. 73-2 at p. 12, ¶ 3 ("Customer agrees to pay all reasonable costs of collection, court, attorney's fee and other expenses incurred by United in the collection of any charges due under this Rental Agreement or in connection with the enforcement of its terms.").

on April 6, 2009, when plaintiff Monaghan's accident occurred. The court also finds that the Agreement's indemnity provision obligates Mechanical and/or its insurer, EMC, to provide full defense to United in this matter. United must accept the defense offer extended by EMC, which reserves EMC's right to assert policy defenses against its insured. United is entitled, pursuant to the express terms of the Agreement, to be reimbursed for all costs associated with the defense of this suit and with all "court, attorneys' fees and other expenses" incurred by United in order to enforce the terms of the Agreement.

The court will issue an order in conformity with these findings.

**Alexandria, Louisiana**
**December 9, 2011**

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE