UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE

| | | |
|---|---|---|
| SHAWN MONAGHAN, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, O/B/O GAVIN RUCKER, O/B/O CONNOR RUCKER, ON BEHALF OF KAIDEN MONAGHAN, ET AL | : | DOCKET NO. 3:09-627 |
| VS. | : | JUDGE TRIMBLE |
| UNITED RENTALS, ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a "Bill of Costs" (R. #85) submitted by defendant, United Rentals ("United"), as requested by the undersigned in a Memorandum Ruling and Order issued December 9, 2011.[1] Also before the court is a motion for oral arguments (R. #102). In our Memorandum Ruling, defendant, Mechanical Insulation ("Mechanical") was found to be contractually obligated to provide defense and indemnity to United pursuant to the parties' Rental Agreement. Mechanical was ordered to reimburse United for all costs associated with the defense of this matter, and additionally all costs associated with the enforcement of the Agreement against Mechanical and its insurer, EMC. United has submitted its Bill of Costs for a total amount of $57,609.87. In its traversal to United's Bill of Costs, EMC seeks to limit the costs on the following grounds: (1)EMC is not obligated to pay the costs of pursuing "coverage" or "indemnity", and (2) the fees charged by counsel for United Rentals is unreasonably excessive.

---

[1] R. #82 and 83.

EMC submits that the Bill of Costs should be reduced by $13,269.50[2] the amount incurred pursuing coverage or indemnity. EMC seeks to further reduce the Bill of Costs by $7,475.06 for unreasonably excessive fees charged by counsel for United.

*Is EMC obligated to pay the cost of United pursuing coverage or indemnity?*

EMC remarks that it was not a party to United's motion for summary judgment, and thus was not directly ordered to pay any or all of the costs as ordered by the court. EMC asserts that Mechanical's obligations under the Rental Agreement may be broader than EMC's obligations under its policy with Mechanical. EMC maintains that it should not be required to pay the costs of pursuing coverage or indemnity citing Steptore v. Masco Constr. Co., Inc.[3] In Steptore, the court found that the insurance contract did not impose a duty on the insurer to pay attorney's fees in connection with the insured's pursuit of coverage issue. The court further noted that "[g]enerally, if the insured hires an attorney to represent him in a coverage dispute, he will have to bear those costs himself."[4] EMC relies on the following policy provision to support its position:

Coverage A Bodily Injury and Property Damage Liability

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit"

---

[2] United does not dispute that this amount ($13,269.50) was incurred for the pursuit of coverage.

[3] 643 So.2d 1213 (La. 8/18/94).

[4] See Dugas Pest Control of Baton Rouge, Inc. v. Mutual Fire, Marine and Inland Ins. Co., 504 So.2d 1051 (La.App. 1st Cir. 1987); Clarke v. Fulkerson, 378 So.2d 561 (La.App. 3d Cir. 1979); Breitenbach v. Green, 186 So.2d 712 (La.App. 4th Cir. 1966); National Union Fire Ins. Co. v. Circle Inc., 915 F.2d 986 (5th Cir. 1990).

2

seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

EMC argues that its policy provides that it will cover only an indemnitee's defense costs, but that there is no provision in EMC's policy which provides for the recovery of costs and attorney's fees incurred in pursuit of coverage or indemnity from EMC. United first maintains that EMC's traversal as to the type of costs it could be potentially liable for is procedurally and equitably defective. Specifically, United complains that EMC is improperly arguing coverage issues never previously raised, and that such arguments should be made in a motion, not in a traversal. While we agree that EMC's traversal does raise substantive issue, because the parties have fully briefed the issues and in the interest of judicial economy, we will consider EMC's opposition to the bill of costs.

Next, United attempts to distinguish the <u>Steptore</u> suit arguing that United need not proceed as did the insured in <u>Steptore.</u> We find no merit to this argument. With respect to the issue of costs associated with the pursuit of coverage, the EMC policy must expressly have created an obligation as to EMC. United argues that the following EMC policy provision provides coverage for Mechanical's liability for costs associated with United's enforcement of the Rental Agreement:

> those sums that the insured [Mechanical] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance

3

applies.[5]

EMC further relies on the policy provision entitled **"Contractual Liabilty"** in § I ¶ 2.

> 2. Exclusions
> This insurance does not apply to:
>
> . . .
>
> b. Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reasons of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided;
>
> > (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
> >
> > (b) *Such attorney fees and litigation expenses are for defense* of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.
>
> (1) That the insured would have in the absence of contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.[6]

---

[5] Exhibit B-1, attached to Affidavit of Charles R. Brock, § I ¶ 1(a), R. #64-5.

[6] Id., § 2, R. #64-5 (emphasis added).

The court finds that this policy language does not obligate EMC to pay for the costs and expenses associated with the pursuit of coverage, but instead the language refers to attorneys fees and expenses for defense. Furthermore, the exemption from exclusion for liability of an assumed contract applies to those attorney fees and litigation expenses incurred *by or for a party other than an insured.* Therefore, the award of attorneys fees and expenses will be reduced by $13,269.50.

*Were the fees charged by United unreasonably excessive?*

EMC complains that United's lead counsel's (Mr. Latham) hourly rate of $275.00 per hour, with a one-time rate of $266.67 per hour is excessive. Counsel for EMC remarks that as a senior partner in a Baton Rouge law firm with over twenty-eight years of law practice, his experience has been that the maximum reasonable rates of attorney's fees charged in defense of cases similar to the current action does not exceed $200 per hour.[7]

United insists that its hourly rates are reasonable and further objects to EMC's calculation of lead counsel's hourly rate. United submits that included in the rate is a 5% discount and a $4,040 fee write off; United submits that the hourly rate is actually $255 per hour. United offers lead counsel's (Mr. Latham) 23 years of experience as a member of the Louisiana bar; he also served on the law review and graduated Order of the Coif. Mr. Latham is rated AV by Martindale-Hubbell, specializes in defending companies in tort litigation, and has a bachelor's degree in Petroleum Engineering. United remarks that the actual blended or average rate for United's defense of the underlying casualty claim, including handling the contract claim is only $220 per hour.[8] United

---

[7] EMC exhibit A, affidavit of Harry J. Philips, Jr.

[8] This average rate is calculated by adding up all attorneys' fees charged and dividing that number by all attorney hours worked and applying the five percent discount afforded to United.

5

maintains that the Middle District of Louisiana courts have awarded rates much greater than the average $220 per hour and has awarded $255 for Mr. Latham.[9]

The court finds that the rates incurred and paid by United are not unreasonable and thus will deny EMC's traversal in that respect.

## CONCLUSION

For the reasons set forth above, the court will reduce the attorney fees and expenses by $13,269.50 and award United attorney's fees in the amount of $44,340.37.[10] Based on the foregoing, we do not find that oral arguments are necessary.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] E.G., K&G Men's Co. v. Carter, 2010 U.S. Dist. LEXIS 95830 at *7 (M.D. 2010)($300 per hour is reasonable); Labarge Pipe and Steel Co.v. First Bank, 2011 U.S. Dist. LEXIS 96786 at *15 (M.D. La. 2011) (awarding $330, $350 and $435 per hour rates); Reassure Am. Life Ins. Co.v. Cilano, 2010 U.S. Dist. LEXIS 31973 (M.D. La. 2010)(awarding $375 per hour).

[10] $57,609.87 - $13,269.50 = $44,340.37.