UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE

| SHAWN MONAGHAN, ET AL | : | DOCKET NO. 3:09-627 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| UNITED RENTALS, INC., ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #124) field by defendant, United Rentals (North America), Inc. ("United Rentals") wherein the mover seeks to dismiss all claims asserted by plaintiffs against it pursuant to Rule 56 of the Federal Rules of Civil Procedure because plaintiffs cannot establish that United Rentals was negligent.

## FACTUAL STATEMENT

On or about April 6, 2011, plaintiff, Shawn Monaghan, was involved in an incident on a scissor-lift rented by his employer from defendant, United Rentals which caused him injury.[1] On March 9, 2011, United Rentals delivered the scissor-lift to the job site.[2] Scott Miley was the lead foreman at the job site who managed the crew, the material and the job and was also plaintiff's supervisor.[3] Mr. Miley signed a document evidencing receipt of the machine; he further

---

[1] Plaintiffs allege that the scissor-lift handrail gave way and separated from the scissor-lift causing him to fall approximately 25 feet. Plaintiff's petition for damages, ¶ 3. R. #1.

[2] United Rental's exhibit B, depo. of Scott Miley, p. 22, lines, 15-18.

[3] Id., pp. 14-20.

acknowledged that he was responsible for inspecting the lift.[4] Mr. Miley testified that he specifically looked at the machine in detail and that he specifically looked for all of the pins.[5] He further testified that the scissor-lift was "in perfect condition when it was delivered."[6]

The incident happened approximately one month after delivery of the lift. Mr. Miley testified that the iron workers borrowed the lift for "practically a month"[7] and "apparently they altered it."[8] Plaintiff testified that the sheet metal builders, electricians and the sprinkler people also used the lift.[9]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[10] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[11] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the

---

[4] Id., p. 24.

[5] Id., pp. 30 and 33.

[6] Id., p. 30, lines 22-23.

[7] Id., p. 31, line 25.

[8] Id., p. 32, line 7.

[9] Plaintiffs' exhibit C, p. 132.

[10] Fed. R.Civ. P. 56(c).

[11] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

non-moving party.[12] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[13] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[14] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[15] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[16] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[17]

## LAW AND ANALYSIS

Plaintiffs claim that United Rentals was negligent by failing to maintain, inspect and disclose a faulty handrail. Defective thing actions "require proof that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the

---

[12] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[13] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[14] Anderson, 477 U.S. at 249.

[15] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[16] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[17] Anderson, 477 U.S. at 249-50.

3

defect."[18] United Rentals maintains that plaintiffs cannot establish that the handrail was not fastened to the lift at the time of delivery, and that after delivery, United Rentals did not have custody of the lift, and therefore it had no control over, or knowledge of any subsequent modifications to the handrail. Consequently, United Rentals maintains that it did not breach a duty to repair or replace the scissor-lift because it neither knew nor should have known that the handrail was not fastened to the lift.

United Rentals submits the testimony of Mr. Miley who testified that he inspected the scissor-lift and found it to be in perfect condition at the time of delivery. Plaintiffs submit that Mr. Miley was not trained to inspect the lift. The court finds that this is irrelevant.[19] Plaintiffs do not refute the fact that the lift was inspected and received in perfect condition. Thus, plaintiffs have failed to create a genuine issue of fact for trial as to a ruin, vice or defect which may have existed in the machine at the time of delivery.

United Rentals submits Mr. Miley's testimony that he specifically looked for the pins in the lift when he inspected it. Plaintiffs have failed to refute this or present any evidence that any pins were missing from the handrail at the time of delivery.

United Rentals maintains that plaintiffs have failed to submit evidence that United Rentals may have modified the lift after delivery and/or that anyone reported any problems with the lift. Again, plaintiffs have failed to submit summary judgment evidence to refute this.

In an attempt to create a genuine issue of material fact, plaintiffs submit the affidavit of

---

[18] Becham v. Jungle Gym, L.L.C., 37 So.3d 564 (La.App. 2 Cir. 5/19/10).

[19] It would have been plaintiff's employer who would be responsible for training its own employees, not United Rentals.

Dennis Howard, a safety professional and expert in the field of work-site and equipment safety. Mr. Howard personally inspected and photographed the lift.[20] Mr. Howard declares in his affidavit, based on his inspection that "[t]he missing bolts and significant deformity of the rail members does make this handrail defective."[21] This legal conclusion is insufficient to create a genuine issue of material fact for trial. Furthermore, Mr. Howard's affidavit does not create a factual dispute as to the condition of the lift when it was delivered or if United Rentals knew or had reason to know of the alleged defect.

Finally, plaintiffs request that the court grant a Rule 56(f) motion to stay the pending motion for summary judgment for further discovery. Plaintiffs remark that United Rentals has not responded to discovery that was propounded in January 2010, and that there were several depositions rescheduled for March 2012. The court notes that plaintiffs have not filed a motion to compel and it is past the March 2012 dates for the rescheduled depositions. Furthermore, this suit is almost three years old and plaintiffs have had ample time and opportunity to conduct the necessary discovery to respond to this motion. Therefore, the court finds no basis for further delaying the disposition of this motion or this lawsuit.

## CONCLUSION

Plaintiffs have failed to submit summary judgment evidence to create a genuine issue of material fact for trial. United Rentals delivered a scissor-lift in "perfect condition" and was not notified of any complications with the lift. It is undisputed that several other contractors used the lift during the one month period it was in the custody and control of plaintiff's employer. Moreover,

---

[20] Plaintiffs' exhibit, R. #130.

[21] Id., ¶ 11.

Plaintiffs have failed to establish that the lift contained a defect which presented an unreasonable risk of harm to others, or that the defendant knew or should have known of an alleged defect. Accordingly, the motion for summary judgment will be granted, dismissing with prejudice plaintiffs' claims against United Rentals.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of May, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE